IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LM INSURANCE CORPORATION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SMART FRAMING CONSTRUCTION LLC, et al.,<br><br>　　Defendants. | Case No. 24-2097-JAR-ADM |

## ORDER

This matter is before the court on plaintiff LM Insurance Corporation's ("LM") motion to stay deadlines. (ECF 22.) By way of the motion, LM asks the court to stay the deadlines set in the Initial Order Regarding Planning and Scheduling (ECF 19) pending a decision by presiding U.S. District Judge Julie A. Robinson on LM's motion for review of the undersigned magistrate judge's order permitting National Liability & Fire Insurance Company ("National Liability") to intervene in this action. (ECF 20.) For the reasons explained below, the motion to stay is denied.

### I.   BACKGROUND

On September 10, 2024, the undersigned magistrate judge granted National Liability leave to intervene as a defendant in this declaratory judgment action, finding that National Liability met the standards for both intervention of right and permissive intervention. (ECF 17.) National Liability filed its answer to the complaint the next day. (ECF 18.) On September 12, the court entered the Initial Order Regarding Planning and Scheduling, which set deadlines for a FED. R. CIV. P. 26(f) planning conference, the exchange of FED. R. CIV. P. 26(a) initial disclosures, and a FED. R. CIV. P. 16 scheduling conference. (ECF 19.)

On September 18, LM filed a motion seeking review of the intervention order by Judge Robinson. (ECF 20.) The motion for review largely reasserts arguments LM made in its response to the motion for intervention. LM then filed the present motion to stay the deadlines set in the Initial Order Regarding Planning and Scheduling pending Judge Robinson's decision on its motion for review. (ECF 22.)

## II.   ANALYSIS

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the magistrate judge's order pending review of the order by the presiding district judge. "Such stays are discretionary, are not a matter of right, and should not be entered simply because review has been requested." *Consumer Fin. Prot. Bureau v. Carnes*, No. 23-2151-DDC-TJJ, 2024 WL 1550559, at *1 (D. Kan. Apr. 10, 2024) (internal quotation and citation omitted). Rule 72.1.4 does not set forth the criteria the court should consider in deciding whether to grant an application for a stay pending review, but judges in this district "have applied the criteria used in evaluating discretionary stays in other contexts." *In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-md-1840-KHV-JPO, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010). Generally, "the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties." *Id.* (quoting *Mannell v. Kawasaki Motors Corp.*, No. 89–4258, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991)). "Under this analysis, the court considers factors such as: (1) the likelihood the movant will prevail on review; (2) irreparable harm to the movant if the magistrate judge does not issue a stay; (3) substantial harm to the other party if the magistrate judge stays the order; and (4) public interests implicated by a stay." *Carnes*, 2024 WL 1550559, at *1 (internal quotation and citation omitted).

Considering the first factor, the court finds it unlikely that LM will prevail on review of the undersigned judge's memorandum and order permitting intervention. The court has reviewed the arguments and authority submitted by the parties on LM's motion for review and is satisfied that the memorandum and order is not clearly erroneous or contrary to law. The bulk of LM's motion contains recitations of arguments made in its original motion and cites no procedural rule or case law definitively showing error. While a party certainly has the prerogative to lodge objections to a magistrate judge's order, the objections here do not appear to be particularly meritorious given the standards for intervention as of right and permissive intervention—both of which the court found satisfied. And while the court does not presume to know how the district judge will rule on the objections, the court finds it unlikely, as a practical matter, that the district judge would prefer to resolve the case via a default judgment rather than deciding the case via an adversarial process in which a party with an alleged stake in the outcome (e.g., National Liability) desires to participate in reaching a resolution on the merits so as to protect its own interests.

Under the second factor, the court does not find that LM would be "irreversibly harmed" if the court does not stay the deadlines in the Initial Order Regarding Planning and Scheduling. It is true that LM will need to invest time and effort in meeting these deadlines, but no more so than in any other case that is not stayed. This is not a case similar to those cited by LM in which review is sought of an order requiring disclosure of information over which the movant has asserted a privilege, which once seen cannot be unseen. *Compare Carnes*, 2024 WL 1550559, at *2.

Under the third factor, the court considers whether National Liability would be substantially harmed if the court enters a stay. The court has determined that National Liability should be allowed to intervene, in part because its interests could be impaired by the litigation and its interests are not represented by the other defendants, who are in default. The parties note that

3

parallel litigation affecting matters at issue in this case is occurring before the Kansas Division of Workers Compensation, and that a hearing in that matter is scheduled for October 29.  LM asserts that there is no possibility that judgment will be entered in favor of National Liability in this case prior to the workers compensation hearing even if the court denies the motion to stay, such that National Liability will not be harmed by a stay.  But the fact that this court will not make a final determination of the issues before the workers compensation hearing has no bearing here.  National Liability is entitled to proceed toward a resolution of this litigation separate and aside from however that impacts the pending workers compensation proceedings.  The court finds this third factor to be neutral.

Finally, although there is no indication that the public has an interest in this particular matter, the court finds that the fourth factor tips slightly in favor of denying a stay.  Rule 1 of the Federal Rules of Civil Procedure directs the court to secure the timely resolution of actions.  Under this directive, it is inappropriate to stay a matter where there is not a compelling reason to so do.

After considering the four factors, the court concludes most of the factors weigh against staying this proceeding until Judge Robinson rules LM's motion for review.  Therefore, the court exercises its discretion to deny the stay request.

**IT IS THEREFORE ORDERED** that LM Insurance Corporation's motion to stay deadlines (ECF 22) is denied.

Dated October 3, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
