IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LM INSURANCE CORPORATION,<br><br>      **Plaintiff,**<br><br>      v.<br><br>SMART FRAMING CONSTRUCTION LLC, et al.,<br><br>      **Defendants.** | Case No. 2:24-CV-02097-JAR-ADM |

**MEMORANDUM AND ORDER**

Plaintiff LM Insurance Corporation brings this declaratory judgment action against Defendants Smart Framing Construction LLC ("Smart Framing") and Angel Gutierrez Castillo seeking a determination that an insurance policy it issued to Smart Framing does not provide coverage for a workers' compensation claim by Gutierrez Castillo. National Liability & Fire Insurance Company ("National Liability") filed a motion to intervene,[1] and Magistrate Judge Angel D. Mitchell issued an order granting that motion.[2] Plaintiff filed a Motion for Review by District Judge[3] requesting this Court to set aside Judge Mitchell's order.

This matter is now before the Court on National Liability's Motion to Strike Plaintiff's Reply Brief as Out of Time or, in the Alternative, Motion to File Sur-Reply Brief (Doc. 29). The motion is fully briefed, and the Court is prepared to rule.[4] For the reasons set forth below, the Court grants in part and denies in part National Liability's motion.

---

[1] Doc. 14.

[2] Doc. 17.

[3] Doc. 20.

[4] While National Liability did not file a reply brief in support of its motion, the Court deems the motion ripe for decision because National Liability's deadline to reply has passed.

## I. Motion to Strike Plaintiff's Reply

Plaintiff filed its Reply in Support of Motion for Review by District Judge 13 days after National Liability filed its Response. National Liability argues that Plaintiff's reply was subject to D. Kan. Rule 6.1(d)(4)'s 7-day deadline applicable to "*Other motions*" and was thus untimely. National Liability requests the Court to strike or disregard Plaintiff's reply. Plaintiff responds that it docketed its reply deadline as a dispositive motion deadline which is 14 days after the response is filed.[5] Plaintiff contends that although its motion for review is not dispositive on its face, judicial review of the magistrate's order could have the effect of disposing of National Liability's defenses and role as a party in this declaratory judgment action.

Generally, a court will not consider untimely briefs absent a showing of excusable neglect.[6] Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[7] On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[8] In determining whether there has been excusable neglect, a court should consider all relevant circumstances, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[9]

---

[5] *See* D. Kan. Rule 6.1(d)(1).

[6] *See Hadd v. Aetna Life Ins.*, No. 17-2533-HLT-KGG, 2019 WL 7504840, at *1 (D. Kan. June 18, 2019) ("[A] district court may, in its discretion, consider an untimely filing where the failure to timely act was the result of excusable neglect."); *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

[7] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993).

[8] *Id.* at 392.

[9] *Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

Here, the Court need not decide whether Plaintiff's reply was subject to the 7-day or 14-day deadline because even if the 7-day deadline was applicable, the Court finds that any neglect by Plaintiff was excusable. Considering the factors discussed above, there would be no prejudice to National Liability if the Court permitted the untimely reply. This is especially true since the Court will allow National Liability to file a surreply.[10] Nor did the delay impact judicial proceedings in any way. Lastly, the Court finds Plaintiff's explanation for believing that its reply was subject to the 14-day deadline to be reasonable.

Thus, the Court denies National Liability's motion to strike Plaintiff's reply and will consider the reply in ruling on Plaintiff's motion for review.

## II.     Motion to File Surreply

In the alternative, Plaintiff requests the Court to allow it to file a surreply. National Liability argues that Plaintiff's reply contains legal arguments not made in its motion for review and that it would like the opportunity to respond to these new arguments in a surreply. Plaintiff contends that a surreply is unnecessary because its reply did not raise new issues or arguments.

D. Kan. Rule 15.1 governs the filing of documents that may not be filed as a matter of right, including surreplies. Under that rule, a party seeking leave to file must "set forth a concise statement of the . . . leave sought," "attach the proposed pleading or other document," and "comply with the other requirements of D. Kan. Rule 7.1."[11]

Here, National Liability's motion to file a surreply includes the following list of "new legal arguments" Plaintiff made in its reply but not its motion:

> (a) National Liability has not asserted an affirmative claim for declaratory judgment or joined its insured, a necessary party to any determination that National Liability does not owe

---

[10] *See infra* Section II.

[11] D. Kan. Rule. 15.1(a).

        benefits. National Liability has presented no bases for the Court to conclude that its payment of benefits would be wrongful and would, therefore, constitute an injury. Plaintiff makes this argument with no legal citation for support.

(b) National Liability sees [sic] after the default of Gutierrez-Castillo, to assert a position that is antagonistic to his interests under the intervenor's policy without his involvement in the litigation, rather than filing its own declaratory judgment action against him. Plaintiff claims this is "procedural maneuvering."

(c) Plaintiff argues that the "fact-based" *Hanna* test can only be applied if Fast Frame is a party to the action.

(d) Plaintiff claims that a declaratory judgment cannot be brought because National Liability is not an insured or third-party beneficiary under Liberty's policy. It challenges Magistrate Mitchell's comparison of this matter to an excess insurer's right to intervene to determine coverage obligation to the same insured (Defendant Gutierrez in this matter).[12]

Plaintiff's response does not identify where these arguments can be found in its motion. However, the Court finds that Plaintiff's argument that National Liability's insured is a necessary party to any determination that National Liability does not owe benefits to Gutierrez Castillo, found in the first sentence of Paragraph 5(a), was made in Plaintiff's motion for review.[13] The remaining arguments in the list are indeed new arguments not made in Plaintiff's motion.[14] Although National Liability did not attach the proposed surreply to its motion as D. Kan. Rule

---

[12] Doc. 29 ¶ 5.

[13] *See* Doc. 20 at 6–7 ("[National Liability] did not assert any third-party claim against its own insured, nonparty Fast Frame. . . . The premise of the motion, that [Plaintiff] should afford coverage instead of National Liability, also depends upon a proposition—that National Liability is not required to afford coverage—not even presented for determination by the proposed pleading attached to the motion. The answer does not include a third-party claim against its own insured, [Fast Frame], to establish that, for whatever reason, National Liability's policy does not afford coverage. That proposition could not be determined in the absence of [Fast Frame] itself as a party.").

[14] In its motion for review, Plaintiff, arguing that any dispute regarding National Liability's coverage is not ripe for determination, asserts that National Liability failed to allege why it would be wrong for it to pay benefits to Gutierrez Castillo. In its reply, Plaintiff, arguing that National Liability does not have standing to intervene because it failed to satisfy the "injury" element, asserts that National Liability failed to present a basis for the Court to conclude that its payment of benefits to Gutierrez Castillo would be wrongful. The Court considers these different arguments.

15.1 requires, the Court will permit National Liability to file a surreply addressing the new legal arguments made in Plaintiff's reply.

Thus, National Liability's motion to file a surreply is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that National Liability's Motion to Strike Plaintiff's Reply Brief as Out of Time or, in the Alternative, Motion to File Sur-Reply Brief (Doc. 29) is **granted in part and denied in part**.  The Court grants National Liability's motion to file a surreply.  The motion is otherwise denied.

**IT IS FURTHER ORDERED BY THE COURT** that National Liability shall have until March 19, 2025, to file a surreply in opposition to Plaintiff's Motion for Review by District Judge.  National Liability's surreply should address only the new legal arguments raised in Plaintiff's Reply in Support of Motion for Review by District Judge.

**IT IS SO ORDERED.**

Dated: March 5, 2025

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE